**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JIAQUAN WU,

                Petitioner,

    v.

ERIC H. HOLDER, Jr., Attorney General,

                Respondent.

No. 11-73040

Agency No. A088-131-289

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2015[**]
Pasadena California

Before: PREGERSON and NGUYEN, Circuit Judges and CARR,[***] Senior District
Judge.

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

      [***]     The Honorable James G. Carr, Senior District Judge for the U.S.
District Court for the Northern District of Ohio, sitting by designation.

Petitioner Jiaquan Wu petitions for review of the Board of Immigration Appeals' ("BIA") denial of his applications for asylum and withholding of removal. We affirm.

1. Substantial evidence supports the BIA's conclusion that Wu failed to demonstrate that he has been subject to past persecution or has a well-founded fear of future persecution, which he must do in order to be granted asylum. Chinese government officials physically harmed Wu on only one occasion, in 1990, for his resistance to China's family planning policies. This one incident is likely insufficient to rise to the level of past persecution. *See, e.g.*, *Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006); *Prasad v. INS*, 47 F.3d 336, 339 (9th Cir. 1995). Similarly, Wu did not suffer substantial economic deprivation as a result of his run-in with authorities: five years after the incident, Wu was self-employed and earning $85,000 USD annually. Reversal is not warranted on the grounds that the BIA found Wu's testimony lacked credibility because, in reviewing the IJ's decision, the BIA assumed credibility. *Barraza Rivera v. INS*, 913 F.2d 1443, 1449-50 (9th Cir. 1990).

Wu's claim that he has a well-founded fear of future persecution also fails: it is unlikely his middle-aged wife, who has an IUD, will become pregnant again; his resistance to Chinese family planning officials occurred more than twenty years

ago; and China does not have a pattern or practice of persecuting similarly-situated Christians.

2. The BIA did not err in denying Wu's application for withholding of removal. Because Wu failed to meet the "well-founded fear" of persecution standard required to obtain asylum, he cannot meet the more stringent "clear probability" standard necessary for withholding of removal eligibility. *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir. 1995) (citing *Arriaga-Barrientos v. INS*, 925 F.2d 1177, 1180 (9th Cir. 1991)).

**AFFIRM**.